PONDER, Justice.
 

 The defendant, Louis Chanet, was indicted by the grand jury for the Parish of Orleans with the crime of aggravated rape.' The indictment follows the short form provided for in Article 235 of the Code of Criminal Procedure in that it is alleged
 
 *413
 
 that the defendant committed aggravated rape upon a certain named person.
 

 Defendant’s counsel moved for particulars as to the day, time, and place of the commission of the alleged offense. The State furnished this information in its answer to the motion. Counsel for the defendant thereafter moved to quash the indictment on several grounds. The trial court only passed on one of the grounds alleged in the motion and gave judgment quashing the indictment, stating that it was unnecessary to pass on the other contentions raised therein. The State formally excepted to the ruling of the trial court quashing the indictment and has appealed.
 

 The trial judge handed down written reasons for his judgment. From a reading of same, it is apparent that he arrived at the conclusion that the aggravated rape statute, Article 42 of the Criminal Code, sets forth three distinct ways in which the crime may be committed, and, such being the case, the State must charge the distinct way in which the aggravated rape statute was violated. He bases his conclusion on the holding in the case of State v. Fazzio, 208 La. 296, 23 So.2d 99, wherein this Court held that burglary could be committed in three distinct ways, and an indictment failing to allege the particular way in which the statute was violated was fatally defective.
 

 On this appeal, the defendant relies on the holdings in the cases of State v. Fazzio, supra, State v. Hebert, 205 La. 110, 17 So. 2d 3, and State v. Verdin, 192 La. 275, 187 So. 666.
 

 None of the authorities cited by the defendant involve the short form of indictment provided for by Article 235 of the Code of Criminal Procedure. It is true that Article 235 provides for a short form of indictment for burglary in the nighttime, but the indictment in the Fazzio case, supra, did not follow the short form.
 

 Article 235 of the Code of Criminal Procedure provides for the use of the short form of indictment or any other form authorized by the law of this State. Consequently, when the short form was not used in the Fazzio case, supra, it was necessary for the charge to be so laid in the indictment as to bring the case within the description of the offenses prescribed in the statute, in other words, in the language of the statute. State v. Ward, 208 La. 56, 22 So.2d 740.
 

 Whenever the State elects to use a form of indictment other than the short form provided for by Article 235, the allegations of the indictment must adhere strictly to the provisions of the statute and the decisions of this Court affecting same. State v. Pinsonat, 188 La. 334, 177 So. 67; State v. Gendusa, 190 La. 422, 182 So. 559; State v. Moore, 196 La. 617, 199 So. 661.
 

 Undoubtedly, Article 227 of the Code of Criminal Procedure contemplates the use of forms of indictment authorized by the laws of this State other than the short form set forth in Article 235.
 

 It is to be noted that in Article 235, where the short forms are set out, there is a provision to the effect that the ' district attorney • may ■ be required to
 
 *415
 
 furnish a bill of particulars setting forth more specifically, the nature of the offense charged. The defendant’s constitutional guaranty that he shall be fully apprised of the nature and cause of the accusation is amply protected by this provision. No such provision is contained in Article 227 of the Code of Criminal Procedure, and the indictment would necessarily have to be more specific.
 

 The defendant in this case was furnished with all the information that he requested in his bill of particulars. If he desired further information in order to prepare his defense, it could have been obtained by bill of particulars.
 

 It might be suggested that Article 235 of the Code of Criminal Procedure does not make it mandatory upon the court to require the State to furnish the particulars. While it is discretionary with the trial judge, yet, he cannot arbitrarily refuse to order the State to furnish essential particulars.
 

 This Court has upheld the short form of indictment on charges for murder, State v. Capaci, 179 La. 462, 154 So. 419; State v. Matthews, 189 La. 166, 179 So. 69; forgery, State v. Ducre, 173 La. 438, 137 So. 745; State v. Digilormo, 200 La. 895, 9 So.2d 221; State v. Pete, 206 La. 1078, 20 So.2d 368; perjury, State v. Abeny, 168 La. 1135, 123 So. 807; negligent homicide, State v. Ward, supra.
 

 We see no valid reason why an indictment charging the accused with the commission of aggravated rape upon a named person as provided for in Article 235 is not equally sufficient. Moreover, a defendant is amply protected when the short form is used by the provision granting him essential particulars when requested.
 

 The crime of rape is defined by Article 41 of the Louisiana Criminal Code. The lawmakers divided it into aggravated rape. Article 42 of the Criminal Code, and simple rape, Article 43 of the Criminal Code. Article 42 of the Criminal Code sets forth those cases which the lawmakers considered more serious and aggravated, and Article 43 embraced the ones deemed less heinous.
 

 We are not unaware of the fact that the manner or means by which the crime is committed is set forth in the aggravated rape statute, but it is not necessary to allege in the indictment the manner or means by which the crime is committed in view of the provision in Article 235 of the Criminal Code of Procedure, affording a defendant ample opportunity to obtain essential information by means of a bill of particulars.
 

 The short form of indictment for aggravated rape meets the test of sufficiency laid down in the case of State v. Ward, supra, namely:
 

 (1) Is it sufficient to inform the Court of the offense with which the defendant is charged in order that the Court might regulate the evidence during the trial?
 

 (2) Is the accused sufficiently informed in the indictment with the nature and cause of the offense charged?
 

 
 *417
 
 (3) Will the indictment support a plea of former jeopardy?
 

 Under the indictment in this case, the defendant is undoubtedly informed that he is charged with the crime of aggravated rape upon a named person. The court could properly regulate the evidence under the charge, and unquestionably, the indictment would be sufficient to support a plea of former jeopardy.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside. The indictment is reinstated, and the case is remanded to the lower court to be proceeded with according to law.
 

 O’NIELL, C. J., concurs in the decree.
 

 FOURNET, J., concurs.