MOISE, Justice.
 

 This is a prosecution for “negligent homicide”. The Grand Jury of the Parish of Orleans returned an indictment against Anthony Sciambra, Paul Masino and Frank Perino for violation of Article 32 of the Louisiana Criminal Code. The indictment, drawn in conformity with Article 235 of the Code of Criminal Procedure, as amended by Act 147 of 1942 and Act 233 of 1944 reads: “That one Paul Masino, one Anthony Sciambra, and one Frank Perino, each, late of the Parish of Orleans,, on the nineteenth day of February, in the year of Our Lord one thousand and nine hundred and forty-six, with force and arms in the Parish of Orleans aforesaid and within the
 
 *747
 
 jurisdiction of the Criminal District Court for the Parish of Orleans, negligently killed one Willie Lee James, one Lelia James, one Adymar Wilson, one George Fortune, one Henrietta Harris, one Earl Harris and one Earl Harris, Jr., contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.”
 

 To this indictment the defendant filed a motion for a bill of particulars. The State answered this motion and set out in substance that the deaths were the result of an explosion, the cause thereof being the alleged negligent acts of the defendants. Thereafter a motion to quash was filed. Evidence was introduced on the motion to quash by the defendants and by the State. This motion was sustained by the court and the defendants were ordered discharged. From this ruling the State reserved a bill of exception which was perfected and the matter is now before us on appeal.
 

 Article 32 of the Louisiana Criminal Code provides in part: “Negligent homicide is the killing of a human being by criminal negligence. * * * ”
 

 Marr’s Criminal Jurisprudence of Louisiana, 2d Ed., Vol. 1, Sec. 345, p. 509, provides that “Defendant should avail himself of the defects of an indictment by demurrer, motion to quash', or motion in arrest of judgment * * The court, in considering the motion to quash the indictment, must construe those facts as set out in the bill of particulars to be true and determine whether or not, if proved, they constitute the crime charged. It is of no moment whether we say that a bill of particulars is an amendment or an amplification' of the indictment or a restriction of proof to be offered by the State. It is easier to find fault with a remedy proposed than to propose a remedy that is faultless. We are dealing solely with the motion to quash. “A motion to quash an indictment on ground of defective recitals corresponds to the exception of ‘no cause of action’ in civil cases — such motion should be disposed of on the face of the papers * * Marr’s Criminal Jurisprudence of La., Sec. 345, supra. The merits cannot be considered. It is true that evidence may be taken in a criminal case on a motion to quash, but the evidence is limited to procedural matters and may not include a defense on the merits.
 

 The issue for decision has been well expressed in the case of State v. Bessar, 213 La. 299, 310, 34 So.2d 785, 789: “The indictment returned by the jury in this case being in the short form prescribed by the Code of Criminal Procedure, the defendant was entitled to a bill of particulars setting out more specifically and in detail the offense charged, i. e., the facts upon which the prosecution is based, Article 235, as amended, and this bill, when furnished, operated to limit the scope of proof
 
 *749
 
 on the trial by restricting the introduction of evidence to the proof of those facts set out in the bill of particulars. 31 Corpus Juris 752, § 310, 42 C.J.S., Indictments and Informations, § 156; 27 Am.Jur. 672, Section 112. See, also, the annotations at 8 A.L.R. 550 and 10 A.L.R. 982. Consequently, the court in considering the motion to quash the indictment must construe those facts as set out in the bill of particulars to be true and determine whether or not, if proved, they constitute the crime charged.”
 

 Here we are bound to reason from these factors: Does this indictment inform the court what offense is being charged, so that the proof will be restricted solely to the crime charged; and is the indictment sufficient on its face to support a plea of former jeopardy? These questions are answered in the affirmative. The issue to be decided on a motion to quash is whether or not the indictment itself is defective on its face, taking as true what is alleged in the bill of particulars. The fact that the defendants may have a good defense is not sufficient grounds to quash the indictment.
 

 For these reasons, the judgment appealed from is avoided, reversed and set aside and the case is remanded to the district court to be there proceeded with according to law.
 

 PONDER, J., absent.