65 So.2d 890

**STATE v. HOLMES.**

No. 41177.

June 1, 1953.

Ralph L. Roy, Baton Rouge, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Jr., Dist. Atty., Jimmie R. Major, Asst. Dist. Atty., Baton Rouge, for appellee.

HAMITER, Justice.

Using the simplified form authorized by LSA–R.S. 15:235 the State, in a bill of information, charged that on the 25th or 26th of March, 1952, Edward Holmes, the defendant, "feloniously committed simple burglary of the structure located at 5007

Government Street, Baton Rouge, Louisiana, known as Jim's Texaco Service Station."

The defendant, prior to his arraignment, moved in writing for a bill of particulars, he requesting to be furnished the following information:

"A. Who was the owner on March 25 and 26, 1952 of the structure identified in the Bill of Information.

"B. Whether or not the intent of the accused was to commit a forcible felony or theft, and if a forcible felony the nature of it."

The court granted the motion as to the first item, but it refused to require the State to furnish the information required in category "B" (the accused's intent). Whereupon, objection was urged and a bill of exceptions reserved.

A jury, after trial, found the accused guilty as charged; and the court sentenced him to confinement in the State Penitentiary at hard labor for a period of three years.

On this appeal the accused complains only that error occurred when the court refused to order the district attorney to inform him, pursuant to his motion for a bill of particulars, whether or not his intent was to commit a forcible felony or a theft, and if a forcible felony the nature of it. He contends that the particulars unsuccessfully sought were essential, being factual information which constitutes one of the very elements of the offense for which he was charged, and that he was entitled to be furnished them as a matter of right.

As set forth in LSA–R.S. 14:62, "Simple burglary is the unauthorized entering of any vehicle, water craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein, other than as set forth in Article 60.

"Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years." Fundamental in the perpetration of the crime, it should be noticed, is that there must exist an intent to commit a forcible felony or a theft.

If the charge against this accused were laid in the regular or long form, without containing averments describing with certainty the particular crime he intended to commit when entering the structure, the bill of information, unquestionably, would be fatally defective for the reason that as a general rule an "indictment must state every fact and circumstance necessary to constitute the offense," LSA–R.S. 15:227, and that "the accused shall be informed of the nature and cause of the accusation against him," Article 1, Section 10, Louisiana Constitution of 1921. In Wharton's Criminal Law, 12th Edition, Volume 2, Section 1032, the following is stated: "An indictment charging the statutory crime of burglary must aver every circumstance

necessary to an exact description of the offense as defined by the statute creating it; and in the absence of such an allegation the indictment or information will be fatally defective, and will not support a conviction and sentence of imprisonment. Thus, an allegation charging an unlawful entry into a building with the intent to commit one of the crimes enumerated in the statute defining and punishing burglary, without designating which one of the offenses denounced in the statute, is not sufficient to charge a crime under such statute; * * *."

In keeping with the statement just quoted is the decision of this court in State v. Celestin, 138 La. 407, 70 So. 342, 343. Therein, the defendant was charged with breaking and entering in the nighttime "with the intent in so doing, then and there, to commit a felony", the charge having been predicated on a statute reading:

"Whoever, with intent to kill, rob, steal, commit a rape, or any other crime, shall, in the nighttime, break and enter, or having with which intent entered, shall, in the nighttime, break a dwelling house, * * on conviction shall be imprisoned at hard labor not exceeding fourteen years." Rev. St. § 851. In maintaining a motion in arrest of judgment, which was grounded on the contention that the indictment failed to apprise the defendant of the specific felony which it was claimed he meant to commit, the court said:

"The general rule is that every essential factor necessary to constitute the crime of burglary must be averred, in order to apprise the accused of what he must defend. The offense must be described with such certainty as would enable the accused to plead the judgment that may be given on it in bar of another prosecution for the same offense. The allegation of the intent to commit a felony need not be too specific; it is necessary only to describe with certainty a particular felony which the offender is supposed to have intended to commit.

 * * * * * *

"The rule is well established that although in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient in the indictment to follow these general words, but the particular felony intended must be specified. The felony intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of the felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson.

"The word 'felony' is a generic term going to distinguish certain crimes, as murder, robbery, and larceny, from other minor offenses known as misdemeanors. The averment that the accused had broken and entered a dwelling house for the purpose of committing a felony failed wholly to apprise him of the specific offense which

is claimed he intended to commit. Marr's Criminal Jurisprudence, § 106; R.C.L. §§ 19, 22, 29; 6 Cyc. 217; 2 Bishop, New Crim. Procedure, § 142.

"Burglary being a breaking, etc., 'with intent to kill, rob, commit a rape, or any other crime,' in the place, an indictment is inadequate if it lays the intent only in the general words, 'with intent to commit a crime, or felony;' it must specify the felony or crime intended.

"In this case the indictment, in charging that defendant intended to commit a felony, simply charged a conclusion of law."

Subsequent to the Celestin decision legislation was enacted (now LSA–R.S. 15:-235) which authorizes the use of and describes simplified forms of indictments for most offenses, they being brief in language and in the main fail to set out all essentials. And many of the listed and authorized forms, including the one for simple burglary, have been considered and declared valid by this court on attacks made in motions to quash or motions in arrest of judgment, we having held that they satisfied the constitutional requirement of informing the accused of the nature and cause of the accusation lodged against him. State v. Pete, 206 La. 1078, 20 So.2d 368; State v. Ward, 208 La. 56, 22 So.2d 740; State v. Chanet, 209 La. 410, 24 So.2d 670; State v. Wright, 215 La. 529, 41 So.2d 76 (and cases therein cited); State v. Nichols, 216 La. 622, 44 So.2d 318. But this court's approval of the simplified forms, attacked through motions to quash and motions in arrest of judgement, was given principally because of the proviso contained in the statute authorizing them, LSA–R.S. 15:235, "that the district attorney, if requested by the accused prior to arraignment, may be required by the judge to furnish a bill of particulars setting up more specifically the nature of the offense charged."

As to the importance and purpose of the quoted proviso we commented in State v. Chanet, supra [209 La. 410, 24 So.2d 671], as follows:

"Whenever the State elects to use a form of indictment other than the short form provided for by Article 235, the allegations of the indictment must adhere strictly to the provisions of the statute and the decisions of this Court affecting same. * * *

"Undoubtedly, Article 227 of the Code of Criminal Procedure contemplates the use of forms of indictment authorized by the laws of this State other than the short form set forth in Article 235.

"It is to be noted that in Article 235, where the short forms are set out, there is a provision to the effect that the district attorney may be required to furnish a bill of particulars setting forth more specifically the nature of the offense charged. The defendant's constitutional guaranty that he shall be fully apprised of the nature and cause of the accusation is amply protected by this provision. No such provision is contained in Article 227 of the Code of

Criminal Procedure, and the indictment would necessarily have to be more specific.

"The defendant in this case was furnished with all the information that he requested in his bill of particulars. *If he desired further information in order to prepare his defense, it could have been obtained by bill of particulars.*

"It might be suggested that Article 235 of the Code of Criminal Procedure does not make it mandatory upon the court to require the State to furnish the particulars. *While it is discretionary with the trial judge, yet, he cannot arbitrarily refuse to order the State to furnish essential particulars.*

\*　　\*　　\*　　\*　　\*　　\*

"We see no valid reason why an indictment charging the accused with the commission of aggravated rape upon a named person as provided for in Article 235 is not equally sufficient. *Moreover, a defendant is amply protected when the short form is used by the provision granting him essential particulars when requested.*

\*　　\*　　\*　　\*　　\*　　\*

"We are not unaware of the fact that the manner or means by which the crime is committed is set forth in the aggravated rape statute, *but it is not necessary to allege in the indictment the manner or means by which the crime is committed in view of the provision in Article 235 of the Criminal Code of Procedure, affording a defendant ample opportunity to obtain essential information by means of a bill of particulars."* (Italics ours.) To a similar effect are our decisions in State v. Pete and State v. Nichols, both supra.

 In view of the language and holdings of those cases it must be said that our jurisprudence is to the effect that where a short form is used in a prosecution and it does not set forth sufficient facts to inform the accused of the nature and cause of the accusation so as to enable him to prepare his defense properly, or it fails to allege the essential elements of the crime sought to be charged, he is entitled to be furnished such information on timely requesting it by way of an application for a bill of particulars. In substance, this court so stated in State v. Bessar, 213 La. 299, 34 So.2d 785; State v. Masino, 214 La. 744, 38 So. 2d 622, and State v. Leming, 217 La. 257, 46 So.2d 262. And a denial of these essential particulars by the judge constitutes an abuse of such discretion as is vested in him by LSA–R.S. 15:235.

Appropriate here is a statement contained in Section 1640, Volume 3 of Wharton's Criminal Procedure, 10th Edition, reading:

"It is said that the allowance of bills of particulars is within the discretion of the presiding judge, and is not subject of error. Yet whenever a bill of particulars is a substitute for special averments in an indictment, error should be entertained. \* \* \* The appellate court should have the power of determining whether there is enough filed against the defendant to put him on his trial."

■ Since the information sought by this defendant is of the essence of the offense charged he was and is entitled to have it. And, as a further consequence, inapplicable are those cases relied on by the district attorney which hold that the State is not required in advance of the trial to disclose the evidence it will offer in proof of the crime.

For the reasons assigned the conviction and sentence of the defendant are set aside, and the cause is remanded to the district court for further proceedings, including a new trial, they to be in accordance with law and consistent with the views herein expressed.