FOURNET, Chief Justice.
The defendant, Billy Joe Barnes, having been charged by indictment and convicted of theft in violation of L.R.S. 14:67,[1] pros *105 ecutes this appeal relying upon numerous errors [2] allegedly committed during the trial for reversal thereof.
Contending that inasmuch as the indictment follows the short form provided for under L.R.S. 15:235[3] in that it simply alleges that the defendant “committed a theft of eighteen hundred dollars * * *, property of Honest John’s Inc., the defendant urges that the indictment fails to state every fact and circumstance necessary to constitute the offense with which he was charged, and thus deprives him of information necessary for the proper preparation of his defense in violation of article 1, section 10 of the Constitution of 1921;[4] hence, prior to the date which was set for trial of the case, he moved to withdraw his plea of not guilty previously entered in order to file various preliminary pleas and motions,[5] including a bill of particulars in which, amongst other things, he requested that he be informed in advance of trial of the particular statute under which the indictment was found and he was to be prosecuted; if the answer be L.R.S. 14:67, whether the theft was committed with the consent of the owner or accomplished by means of fraudulent conduct, practices or misrepresentation; if accomplished without the consent of the owner, the nature and manner in which the appropriation was accomplished; and also, the name of the agent, servant or employee of the owner involved in the transaction. The trial judge refused to allow the defendant to withdraw his plea of not guilty and in overruling the motion for a bill of particulars stated that the motion was filed “ * * * too late. It was filed after the arraignment and five days prior to the trial.”
In the case of State v. Holmes, 223 La. 397, 65 So.2d 890, 891 in which the defendant, charged with simple burglary by the short form, sought a hill of particulars to determine whether or not the intent of the accused was to commit a forcible felony or a theft, and if a forcible felony, the nature of it, this Court reversed the conviction and sentence of the defendant on the ground that the denial of the information sought involved the essence of the offense with *107 which he was charged and was necessary to enable him to prepare his defense properly, holding that the trial judge had abused the discretion vested in him in not requiring the district attorney to furnish defendant’s timely request of such particulars.
In reaching that conclusion this Court aptly observed, “If the charge against this accused were laid in the regular or long form, without containing averments describing with certainty the particular crime he intended to commit * * * the bill of information, unquestionably, would be fatally defective for the reason that as a general rule an ‘indictment must state every fact and circumstance necessary to constitute the offense,’ LSA-R.S. 15:227, and that ‘the accused shall be informed of the nature and cause of the accusation against him.’ Article 1, Section 10, Louisiana Constitution of 1921.” The Court also pointed out that subsequent to the adoption of the Code of Criminal Procedure many of the short forms authorized and prescribed therein, including the one for theft, have been considered and declared to satisfy the constitutional requirement of informing the accused of the nature of the accusation lodged against him and, therefore, valid principally because of the proviso contained in article 235, now L.R.S. 15:235, “that the district attorney, if requested by the accused prior to arraignment, may be required by the judge to furnish a bill of particulars setting up more specifically the nature of the offense charged.” [6]
Counsel for the State concedes that if the defendant’s request for the bill of particulars had been filed prior to arraignment, he would have been entitled to some, if not all, of the information sought, but inasmuch as the granting or refusing of a bill of particulars is left to the sound discretion of the trial judge, claims it cannot be said the trial judge abused his discretion in this case, as the accused was represented by counsel at his arraignment and there is nothing in the record to show that the motion could not have been filed prior to arraignment.
We cannot agree with counsel’s contention, for as stated in the case of State v. Brooks, 173 La. 9, 136 So. 71, 73, “the purpose of permitting a bill of particulars where a short form of indictment is used is to fully protect the accused, indicted under such form, in his constitutional right to be informed of the nature and cause of the accusation against him, and for this reason the provision as to a bill of particulars, where short forms of indictment are used, should be liberally interpreted.” In that case, in refusing to allow the defend *109 ant, charged with the crime of embezzlement, to withdraw his plea of not guilty on the day of the trial in order to file a motion to quash the indictment or that it be amended instanter so as to clearly show the owner of the check and that the defendant stands in a fiduciary relationship to the owner thereof, this Court observed that “defendant was unquestionably entitled to the amendments sought, as a bill of particulars, if nothing more, since this information was necessary to enable defendant to defend himself intelligently.”
The trial judge, in refusing to allow the defendant to withdraw his plea of not guilty in order to file a motion for a bill of particulars and overruling the latter as coming “too late” for the sole reason “it was filed after the arraignment,” was clearly arbitrary. The discretion of the trial judge under L.R.S. 15:235 must he real and reasonable, and while it is true that the defendant might have filed his motion for a bill of particulars prior to arraignment as contended by counsel for the State, neither he nor the trial judge offer any sound reason for refusing the information to which he was admittedly entitled several days prior to the date set for trial. Clearly, under the facts of this case, the judge should have instructed counsel for the State to give the defendant the information showing every fact and circumstance necessary to constitute the offense with which he was charged in order that he might properly and intelligently prepare his defense, and, in our opinion, by refusing defendant’s motion the trial judge committed reversable error.[7]
The provisions of L.R.S. 15:235 must be read in connection with L.R.S. 15:265 which specifically declares that “the defendant may at any time, with the consent of the court, withdraw his plea of not guilty and then set up some other plea or demur * * and while the accused is not entitled to a bill of particulars as a matter of right under these articles, his rights thereunder must be consonant with the rights guaranteed to him under the Constitution that “in all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him * (art. 1, sec. 10), which “prosecution shall be by indictment or information,” (art. 1, sec. 9). Consequently, whenever the short form indictment is used in a prosecution, the accused is entitled, upon timely request, to be furnished with a bill of particulars setting out such matters that are of the essence of the charge against him and not included in the indictment and any other facts that are necessary for him to properly and intelligently prepare his defense.
*111 For the reasons assigned, the conviction and sentence of the defendant are annulled and set aside and the case is remanded for a new trial in accordance with law and consistent with the views expressed herein.

. Nineteen bills were reserved, with five being abandoned and fourteen now being urged.

. L.R.S. 15:235 — “The following forms of indictments may be used in the cases in which they are applicable, but any other forms authorized by this or any other law of the state may also be used: * * * Theft — A. B. committed a theft of * * (describe property the subject of theft and state its value). * * * ”

. La.Const. of 1921, art. 1, sec. 10—“In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him; * * * »

. In addition to the motion for a bill of particulars, the defendant filed a motion to quash, and a motion for a continuance.

. State v. Pete, 206 La. 1078, 20 So.2d 368; State v. Ward, 208 La. 56, 22 So.2d 740; State v. Chanet, 209 La. 410, 24 So.2d 670; State v. Wright, 215 La. 529, 41 So.2d 76; State v. Nichols, 216 La. 622, 44 So.2d 318; State v. Holmes, supra.

. Having reached the conclusion that the trial judge committed reversable error in refusing to grant the defendant the bill of particulars, it becomes unnecessary to consider the other exceptions.