HAMITER, Justice.
 

 Charles Reid Mann, the defendant, was charged in a bill of information filed in this cause with the “theft of a 1959 Cadillac convertible, valued at $2064.85, the property of Love Motor Company, Baton Rouge, Louisiana.” In case No. 48,494, on the docket of this court, 202 So.2d 264, the bill of information recited that he “committed a theft of a Petri Flex-V, 35 Millimeter Camera with black case and flash attachment, valued at $148.63, the property of Kadair’s Records and Camera, Inc., Baton Rouge, Louisiana.”
 

 In both cases, consolidated and tried together, the jury returned verdicts of guilty as charged. The trial judge thereafter sentenced the defendant to serve a total of twenty years in the state penitentiary at hard labor.
 

 On his separate appeals in the two cases, the defendant relies on nine bills of exceptions for obtaining reversals of the convictions and sentences. Since the bills herein are the same as those in the other cause we shall set forth our detailed dis
 
 *1089
 
 cussion of them in this opinion and render separate decrees.
 

 Prior to the filing of the present informations the defendant had been charged with the forgery of two checks, in violation of LRS 14:72, which he allegedly issued in obtaining the above described automobile and camera. To those charges he pleaded guilty, and he was sentenced to the state penitentiary.
 

 While serving the sentences thus imposed, the defendant initiated a habeas corpus proceeding in the Twentieth Judicial District Court wherein he urged that the in-formations on which he entered his guilty pleas were fatally defective in that they alleged no crime under our laws, because they showed that the forgeries charged had been committed by the use of an alias and under the jurisprudence of this state the issuance of checks in such manner cannot and does not constitute the crime of forgery. As a result of the habeas corpus proceeding the defendant was discharged from his prior sentences. It does not appear that the state appealed from the ruling.
 

 Thereafter, the instant informations, in the short form, were filed. And to them the defendant tendered motions for bills of particulars, he requesting to be informed as to the method used by him in perpetrating the alleged thefts. The state’s answers to the motions declared that each theft had been committed by
 
 “Making and knowingly issuing a forged check.”
 
 (It is conceded that the checks involved in the present cases are the same as those on which the respective forgery charges were previously brought.)
 

 Bill of exceptions No. 1 was reserved to the court’s, overruling the defendant’s pleas of former jeopardy, they being based on his having pleaded guilty to the previous forgery charges. The bill is without merit. In overruling the pleas the trial judge correctly observed: “In order to have a valid plea of autrefois convict or double jeopardy, there must be a conviction on a valid indictment, and it is the Court’s opinion that the bills of information charging the accused with the crimes were invalid and, therefore, double jeopardy will not apply.” See LRS 15 :279, State v. Garon et al., 161 La. 867, 109 So. 530, State v. Gendusa, 193 La. 59, 190 So. 332, and State v. Williams, 213 La. 1105, 36 So.2d 400.
 

 Nor do we find any substance in bill of exceptions No. 5 which was reserved when the trial court overruled the defendant’s objection to the admission of an oral confession. The basis of the objection was the contention that the confession had been given by the accused as a result of a promise by Deputy Sheriff Jack Thornton to him (while he was in custody) that if he would plead guilty his wife would not be charged (or that if she were charged her
 
 *1091
 
 sentence would be suspended), and that as the state was
 
 unable
 
 to produce Thornton the confession should not be admitted.
 

 After the state had laid the foundation for introducing the confession by the testimony of certain law officers to the effect that no force, threats, promises or any undue influence had been used to obtain it— but without the testimony of Thornton—the defendant took the stand and testified that Thornton had made the promise as contended. However, he also stated that Detective Bonanno was present when it was made and that the latter should have heard it. The prosecution then showed that Thornton was no longer with the sheriff’s office and that he was out of the state. Also, Bonanno was recalled, and he declared unequivocally that at no time did he hear Thornton make such a promise.
 

 After reviewing the evidence taken in connection with the admission of the confession we conclude that it amply sustains the trial court’s conclusion that it was freely and voluntarily made without any force, threats, promises or inducements.
 

 In this court (but not in the trial court) the defendant urges that “It is undisputed that the defendant was never advised of his right to counsel or any of those rights guaranteed him under the U. S. Constitution and rulings thereon by the U. S. Supreme Court. Miranda v. State of Arizona, 86 Sup.Ct. 1602, 384 U.S. 436 [16 L.Ed.2d 694]. Escobedeo [Escobedo] v. State of Illinois,
 
 378
 
 U.S. 478, 84 S.Ct.
 
 1758 [12
 
 L.Ed.2d 977.]”
 

 The procedure outlined in the Miranda case for the obtaining “in custody”' confessions is not applicable here inasmuch as the trial of these causes was held in October, 1965, prior to the rendition of the decision in that case in June, 1966. Such decision is not retroactive. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 and State v. Evans et al., 249 La. 861, 192 So.2d 103.
 

 Nor is the Escobedo decision applicable to the circumstances of this case. Therein the court held that an “in custody” confession of an accused, even though no formal charge had yet been brought against him, was inadmissible
 
 when he had requested and been denied permission to consult with his attorney.
 
 It is not asserted herein that the accused requested counsel. To the contrary, Deputy Sheriff Bankston testified that prior to his making the confession the defendant had been advised that he had a right to an attorney. This was not denied by the accused when he later took the stand.
 

 We find no error in the admission of the confession into evidence.
 

 Prior to submission of the case defense counsel tendered to the court, in writing, the following special instructions to be read to the jury:
 
 "SPECIAL CHARGE NO. 2.
 
 
 *1093
 
 If you find by the evidence that this defendant used an alias, which alias was not any known person’s name, and that he signed his alias to these checks, he did not commit forgery; therefore, the merchandise purchased by him was not paid for with forged checks.
 

 “SPECIAL CHARGE NO. 3.
 
 The law and the jurisprudence of this state is that a person cannot forge a check by signing his own name. If a person commonly uses an alias, it is considered as much his name as his real name, and he does not violate the law by using such alias.
 

 “*
 
 * *
 

 “SPECIAL CHARGE NO. 6.
 
 The mere use of a fictitious or false name may constitute false pretenses, but so long as the writing or check purports to be the act of the very person issuing it, and of no other, it is not forgery.”
 

 On objection of the state’s attorney the court refused to give the special instructions, to which ruling defendant reserved bill of exceptions No. 7. Moreover, besides so refusing, the judge in his general charge specifically declared to the jury that the state did not have to prove, and the jury did not have to find, that, in order to return verdicts of guilty of the thefts alleged in the informations, the defendant committed forgery of the checks. Objection to this statement was overruled, and bill of exceptions No. 8 was reserved.
 

 In considering these bills it should be borne in mind, as we have previously pointed out, that the informations filed in the instant cases were in the short form permitted by LRS 15:235; that they merely recited that the accused had committed thefts of certain described properties; and that in response to motions for bills of particulars the state alleged in each case that the theft was perpetrated by the defendant’s “Making and knowingly issuing a
 
 forged
 
 check.”
 

 It is now well settled that when the state elects to use the short form indictment or information permitted by LRS 15 :- 235, the accused is entitled to a bill of particulars setting out more specifically and in detail the offense charged. And this is particularly true when the alleged crime may be committed in a number of different ways. State v. Bessar et al., 213 La. 299, 34 So.2d 785, State v. Masino et al., 214 La. 744, 38 So.2d 622, State v. Holmes, 223 La. 397, 65 So.2d 890, State v. Picou, 236 La. 421, 107 So.2d 691, State v. Barnes, 242 La. 102, 134 So.2d 890, and State v. Howard, 243 La. 971, 149 So.2d 409. Indeed, we have said on numerous occasions that the provisions of that section (LRS 15 :235) which require the state to furnish further information by way of a bill of particulars, when so requested by the accused, renders the use of the short form amenable to constitutionally protected guaranties and safeguards. State v. Pete, 206 La. 1078, 20
 
 *1095
 
 So.2d 368; State v. Chanet, 209 La. 410, 24 So.2d 670; State v. Nichols, 216 La. 622, 44 So.2d 318; State v. Holmes, supra, and State v. Barnes, supra.
 

 If and when averments are made by the state in answer to a motion for a bill of particulars it, in proving its case, is limited to them. State v. Dugan, 229 La. 668, 86 So.2d 528; State v. Bessar et al., supra; State v. Masino et al., supra; State v. Picou, supra.
 

 Consequently, in each of the instant cases, in view of the allegations contained in the bill of particulars, the state was limited in its proof to showing that the theft charged was occasioned only through the use of a forged check. And the accused was, therefore, entitled to have the jury so instructed. He was likewise entitled to have the jury instructed as to what constitutes forgery under the laws of this state in order that that body might determine from the evidence whether the accused had committed theft in the manner charged— i. e., by making and issuing a forged check.
 

 We have carefully examined the above quoted requested instructions, and we have determined that they contain a correct statement relative to the law of forgery as set forth in the decisions interpreting LRS 14:72. (In fact at least two of them are almost verbatim quotations from opinions of this court on the subject.) In State v. Wilson, 168 La. 932, 123 So. 624 the defendant was charged with having committed a forgery. He asked that the jury be instructed that where a person issues and signs a check as his own, even though it is issued and signed with a fictitious name, it is no forgery. The court refused to give such charge. In reversing the conviction we said: “The trial judge refused this charge as not responsive to any state of facts testified to on the trial. But the per curiam to bill No. 1 shows that the defendant represented himself to the prosecuting witness as ‘Earnest Young’ and obtained goods from the witness on the representation that he had money in bank and would pay for said goods by check. It is clear therefore that defendant was merely using a fictitious name, and this was not
 
 forgery.
 
 ‘The essence of the offense [forgery] is the making of a false writing with the intent that it shall be received as the act of another than the party signing it.’ 26 Corp.Jur. 896.
 

 “The mere rtse of a fictitious or false name may constitute false pretenses, but so long as the writing or check purports to be the act of the very person issuing it, and of no other, it is no forgery.” See also State v. Melson, 161 La. 423, 108 So. 794 and State v. Ramsey, 242 La. 1089, 141 So.2d 375.
 

 In the instant cases there was evidence before the jury (introduced, incidentally,
 
 *1097
 
 by the state) showing that the defendant represented himself to the prosecuting witnesses as S. A. Rosenberg, and obtained possession of the properties on the representation that he had money in the bank and would pay for them with the checks issued and signed by
 
 him,
 
 S. A. Rosenberg. Other testimony also reveals that the accused was known in his neighborhood, and to other merchants, as S. A. Rosenberg, and that he had introduced his wife as Mrs. Rosenberg.
 

 We find in the state’s brief to this court virtually no countervailing argument to support the ruling of the trial court. With regard to these bills of exceptions, it contains merely the terse assertion that, because
 
 the information
 
 charged defendant with theft, only the law of theft needed to be explained to the jury; and that, for the same reason, the court’s instruction to the jury that the state need not prove that the alleged theft was committed by forgery was proper. The filing of the bill of particulars and its effect are completely ignored by the state.
 

 Although we feel certain, from our perusal of the evidence necessitated by a study of the bills of exceptions filed in this court, that the defendant is guilty of some wrongdoing, we are equally positive that the procedure as set forth in bills of exceptions Nos.
 
 7
 
 and 8 was erroneous and prejudicial to this accused. We have no alternative, therefore, but to set aside the convictions and sentences and to order a new trial. However, before the new trial is held the state is to be granted by the district court the opportunity to amend its bills of particulars in the two cases in order to conform with the true facts as disclosed by the evidence.
 

 Because of our conclusion that the action of the lower court, complained of in bills-of exceptions Nos. 7 and 8, constitutes, reversible error, we deem it unnecessary to discuss the other bills contained in the record. They will not likely occur on a retrial of the charges.
 

 For the reasons assigned the conviction and sentence herein are set aside, and the case is remanded for a new trial according to law and consistent with' the views expressed above.