LOBRANO, Judge.
Defendant, Chris A. Larsen, was charged by grand jury indictment with the negligent homicide of one Alice Lewis, a violation of LSA R.S. 14:32.[1] Defendant was arraigned on March 28, 1983 and pled not guilty. Defendant waived his right to a jury trial. On January 17, 1985, defendant was tried by the court and found guilty as charged. He was sentenced to four years at hard labor; two years suspended with two years unsupervised probation and suspension of defendant’s drivers license during the period of probation.
FACTS:
On January 9, 1983, at approximately 6:45 p.m., Alice Lewis, while crossing St. Bernard Highway to attend services at the Chalmette Baptist Church, was struck by an automobile and killed. The driver of the automobile fled the scene of the accident.
Officer Raymond Millet and Captain Salvador Calo, along with several other law enforcement agents, investigated the accident. They testified that when they arrived at the scene they found parts of the grill of a motor vehicle. These parts were collected and the officers began searching for the vehicle to which the pieces belonged. Approximately one and one-half to two hours later, they located the vehicle parked in front of the Escape Lounge. Upon examining the vehicle they discovered the grill pieces matched and observed blood stains on the vehicle. They entered the bar and inquired as to who owned the vehicle. Defendant identified the vehicle as belonging to him. They testified that defendant’s breath had a strong smell of alcohol. Defendant was asked to step outside. In the parking lot, defendant submitted to a field sobriety test. Officer Millet testified defendant staggered when he walked; was hesitant with both his right and left hands in performing the finger-to- *326 nose test; was falling while walking and while turning; was slow in picking up coins; was unsure during the heel to toe walking test; and could not walk a straight line. Officer Millet testified that defendant stated to him that he had consumed two or three beers prior to the accident. Following the field sobriety test, defendant was asked to take a blood alcohol test. Defendant refused. Defendant was arrested and turned over to Captain Calo. Subsequent to his arrest, defendant admitted he had been drinking prior to the accident.
Vickie Smallwood, a patron at the Escape Lounge testified that she was in the lounge when defendant entered that night. She stated defendant told her he struck a woman while driving his car and did not know what to do since he was already in trouble with the police. She advised defendant to turn himself in to the police. She also testified that prior to his arrest, defendant did not drink while in the lounge.
At trial, defendant took the stand in his own behalf. He testified that on the day of the accident, he consumed two to three beers before leaving to drive to Metairie. He stated he was driving at a speed of 40 m.p.h. on St. Bernard Highway when the victim walked in front of his car. He testified he applied his brakes but was unable to stop before he struck the victim. He testified he panicked and fled the scene because he was driving without a license because it had been revoked after a guilty plea to a charge of driving while intoxicated. He stated he then drove to Jerry LaV-ie’s Lounge where he consumed two beers in twenty minutes. He then drove to the Escape Lounge. He testified that, at first, he denied hitting the victim when questioned by police but later confessed to hitting her.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1)The trial court erred when it permitted the State to adduce evidence directed to the proof of negligent homicide based upon driving while under the influence of intoxicating beverages when a bill of particulars, served upon defense counsel by the State, described the criminal negligence upon which the negligent homicide charge in this case was predicated to be speeding and failing to maintain a proper lookout and avoid the accident.
2) The trial court erred when, because the State failed to file the original bill of particulars and because no hearing was had on defendant’s application, it held that the bill of particulars furnished to defendant by the State was not binding and did not limit the State’s proof as the trial of this cause to the issues formulated by Paragraph 1 of the State’s Bill of Particulars.
3) The trial court erred when it permitted the State to adduce testimony concerning statements attributed to the defendant which were not furnished to defendant pursuant to his discovery request therefor, although the State did answer defendant’s motion for discovery and provided a copy of the accident report which was referred to as containing the statement of defendant.
4) The trial court erred when it permitted the State to adduce evidence of defendant’s refusal to submit to a blood alcohol test when defendant was arrested in a bar almost two hours after the accident, there was no probable cause to arrest him for driving while under the influence of intoxicating beverages, and the form, identified in these proceedings as State Exhibit # 10, did not comply with the requirements for admissibility in evidence pursuant to R.S. 32:666 (A)(3) and other applicable provisions of the Louisiana Implied Consent Statute.
5) The trial court erred when it denied defendant’s motion for acquittal at the conclusion of the State’s case when the evidence exemplified by the bill of particulars, and even when the State’s evidence, not restricted by the bill of particulars, was inadequate to establish a causal relationship between the *327 violation of any safety law and the occurrence ofthe fatal accident which formed the basis of the negligent homicide charge.
6) The trial court erred when it refused to charge itself in accordance with defendant’s requested special charge No. 1 pertaining to the principle that the State is limited in its proof, and the court is limited in its determination of guilt, to the charge made in the bill of information as such charge has been exemplified and restricted by the bill of particulars furnished to the defendant.
7) The trial court erred when it entered a judgment of conviction when the proof did not establish the charge made in the bill of information, as exemplified by the bill of particulars, and when the State failed to prove criminal negligence which caused or contributed to the traffic fatality at issue in this case.
ASSIGNMENTS OF ERROR 1, 2, 5 and 6:
The issues and arguments raised in these assignments of error are inextricably intertwined in that they turn upon a resolution of the effect to be given a bill of particulars when the indictment follows the short form permitted by C.Cr.P. Art. 465.[2]
Although there appears from the record to have been some sort of hearing and an answer to a bill of particulars, nothing is preserved in the record. All that exists is an unfiled, unsigned copy of an answer to a request for a bill of particulars which was preferred by the defendant.
The jurisprudence which has evolved since the adoption of the shortform indictment procedure has uniformly held that where a short form indictment is employed, the accused has a right to a bill of particulars furnishing more detailed information which is needed to enable him to prepare his defense. State v. Bessar, 213 La. 299, 34 So.2d 785 (1948); State v. Masino, 214 La. 744, 38 So.2d 622 (1949); State v. Leming, 217 La. 257, 46 So.2d 262 (1950); State v. Barnes, 242 La. 102, 134 So.2d 890 (1961); State v. Howard, 243 La. 971, 149 So.2d 409 (1963); State v. Hunter, 250 La. 295, 195 So.2d 273 (1967); State v. Mann, 250 La. 1086, 202 So.2d 259 (1967); State v. Bailey, 261 La. 831, 261 So.2d 583 (1972); State v. Rose, 271 So.2d 863 (La.1973); State v. Miller, 319 So.2d 339 (La.1975).
Although it is true that when an offense charged in a short form of indictment may be committed in several ways, the accused is entitled, upon his request, to be informed of the specific way or ways relied upon by the state to establish the charge against him, State v. Russell, 292 So.2d 681 (La.1974), it does not entitle a defendant to have every request in a bill of particulars satisfied, State v. Bailey, supra, nor is it “intended as a trap for the unwary district attorney”, State v. Unzueta, 337 So.2d 1102 (La.1976) or as grounds for reversal where no prejudice, surprise or lack of notice exists. See, State v. Storms, 406 So.2d 135 (La.1981).
The Sixth Amendment to the United States Constitution, identical to Louisiana Constitution Article 1, Sec. 13, provides that an accused in a criminal proceeding shall be “informed of the nature and cause of the accusation ...” The purpose of our discovery rules is to eliminate unwarranted prejudice, to avoid surprise evidence, and to allow the defense adequate time for preparation. State v. Billiot, 421 So.2d 864 (La.1982).
The record shows that in the copy of the unsigned answer to defendant’s request for a bill of particulars (received by defendant’s attorney via U.S. Mail), the State responded as follows:
“The defendant was operating his vehicle in excess of the speed limit and made little or no attempt to stop his vehicle. *328 The defendant was not paying attention to what was ahead of him. Because of defendant’s speed and inattention he was unable to stop his vehicle upon reaching the victim.”
Defendant argues the technical issue of whether the above response properly informed him of the intended use of evidence as to his intoxicated condition. We disagree. Defendant does not argue that he was caught by surprise, or that he was prejudiced by the use of evidence of his intoxication. Quite the contrary existed at the time of trial. Defendant was well aware that that evidence would be used. He was prepared with memoranda to confront those issues when they arose, particularly with respect to the argument concerning the requirements of the Implied Consent Law, and the special charge requested.
The trial court found, and we agree, that defendant was well aware that intoxication would be an issue, and he was not surprised or prejudiced by the introduction of evidence of his intoxicated condition. The State cannot be “trapped” by not revealing each detail of its proof where the defendant does not show prejudice. Thus we find no error in allowing the introduction of evidence of defendant’s intoxication, and no error in the trial court’s denial of acquittal or in refusing to charge itself as requested by defendant. These assignments of error are without merit.
ASSIGNMENT OF ERROR 3:
Defendant asserts that in response to his pre-trial motion for discovery regarding any inculpatory statements made by him which would be used at trial pursuant to C.Cr.P. Art. 768, the state responded only by furnishing the statement attributed to defendant in the accident report. By doing so, defendant asserts the state implied that no other inculpatory statements existed and that the subsequent introduction of other statements should not have been admitted pursuant to C.Cr.P. Art. 716 et seq. We disagree.
At trial, Captain Calo testified that defendant admitted drinking prior to the accident. Later in the trial, defendant took the stand in his own behalf and testified that he had been drinking prior to the accident, thereby corroborating Captain Calo’s testimony. Any error in connection with the admission of Captain Calo’s testimony was rendered harmless by defendant’s subsequent testimony.
ASSIGNMENT OF ERROR 4:
Defendant asserts the trial court erred in allowing the State to introduce evidence of defendant’s refusal to submit to a blood alcohol test because (1) there was no probable cause to arrest defendant for driving while intoxicated and (2) the form evidencing defendant’s refusal does not comply with the requirements of La.R.S. 32:666(B).
We first note that the current provisions of the cited statute were added by Acts 1983, No. 632, effective January 1, 1984. The former provisions of 32:666 in effect at the time of the accident provided:
“If a person under arrest refuses to submit to a chemical test under the provisions of this Part, evidence of refusal shall be admissible in any criminal action or proceedings arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle upon the public highways of the state while under the influence of alcoholic beverages.
This section has no application to a civil action or proceeding.”
Pursuant to the above, evidence of defendant’s refusal to take the test is admissible if he has been placed under arrest.
Probable cause to arrest exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a person of average caution in the belief that the person to be arrested has committed or is committing an offense. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Ruffin, 448 So.2d 1274 (La.1984).
*329 Probable cause is to be judged by the probabilities and practical consideration of everyday life on which average people, particularly average police officers, can be expected to act. State v. Ruffin, supra; State v. Bourgeois, 388 So.2d 359 (La.1980). While the Officer need not have sufficient proof to convict, mere suspicion is not enough to justify an arrest. State v. Herbert, 351 So.2d 434 (La.1977).
In the instant case, the arresting officer had reason to believe that defendant struck and killed the victim. Defendant fled the scene and was found in a bar less than two hours after the fatal accident and could not pass a field sobriety test.
We conclude that the officers had probable cause to arrest defendant, and thus his refusal to submit to the blood alcohol test was admissible. Captain Calo testified that in his presence, defendant refused to take the test. This fact was clearly within his personal knowledge and was admissible.
ASSIGNMENT OF ERROR 7:
Defendant asserts the evidence was insufficient to justify his conviction.
Defendant was convicted of negligent homicide. To support such a conviction, the state must prove that the defendant’s conduct indicated “such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances,” LSA R.S. 14:12, and that a killing resulted from this conduct. State v. Allen, 440 So.2d 1330 (La.1983).
In the instant case, it was stipulated that defendant while driving his car struck and killed the victim. In proving defendant was criminally negligent, the state introduced the testimony of two officers that apprehended defendant one and one-half hours after the accident. They testified that defendant fled the scene of the accident, was found in a bar, smelled of alcohol, was unable to pass á field sobriety test and refused to take a blood alcohol test. At trial, defendant testified he had been drinking prior to the accident and that he fled the scene because his license had been revoked after pleading guilty to a charge of driving while intoxicated. He testified he refused to take the blood alcohol test because he was afraid he was “over the limit”.
Vickie Smallwood, a state witness, testified defendant did not have a drink in her presence immediately prior to his arrest and that defendant told her he struck the victim and fled the scene.
The state presented sufficient evidence so that a reasonable trier of fact could have found that defendant’s conduct amounted to criminal negligence. State v. Allen, supra; State v. Kersey, 406 So.2d 555 (La.1981).
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA R.S. 14:32 provides:
“Negligent homicide is the killing of a human being by criminal negligence.
The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.
Whoever commits the crime of negligent homicide shall be imprisoned with or without hard labor for not more than five years, fined not more than five thousand dollars, or both."

. C.Cr.P. Art. 465 provides:
"A. The following forms of charging offenses may be used, but any other forms authorized by this title may also be used: ...
34. Negligent Homicide — A.B. negligently killed C.D. ...”