State vs. Boasso.

---

## No. 9593.

### THE STATE OF LOUISIANA VS. T. J. BOASSO.

The judges of the "City Courts" of New Orleans, under the Constitution of 1879, replace the justices of the peace under the former system, and inherit the power to solemnize marriages from them. They are expressly required to make an "act" of every marriage they celebrate and the common and usual name of such "act" is a marriage-certificate.

When a criminal statute makes an "intent to defraud" an ingredient of a crime, it does not mean only an intent to deprive one of personal property. Defraud has a broader meaning in such case and means to prejudice the rights of another in any way.

State vs. Boasso.

When a judge has already charged the jury on a given matter and the prisoner among his requests of charges made thereafter, includes the matter already charged, the judge may well refuse to repeat it.

When a trial judge has already charged the jury that the State must affirmatively prove that the offence had been committed within the jurisdiction of the court. and a request is made afterwards for that matter to be charged, a misunderstanding of the purport of the request provoking the observation that there was no doubt of the court's jurisdiction is not serious matter of complaint. The essential thing is that the jury have been charged on that point correctly.

There can be forgery of a certificate of marriage where no marriage was ever celebrated just as there can be forgery of a promissory note where there was no indebtedness of the maker whose name is forged. As there can be a pretended marriage so there can be forgery of a certificate of marriage that never took place.

While judges are prohibited from commenting on the facts to the jury in a criminal trial, they are required to give to the appellate court their reasons for refusing instructions that are prayed.

It is not essential that the forged instrument be one that, if genuine, an action might be brought on it. If it could be used as proof in a suit either against him, whose name is forged, or in a suit against any other, whether to sustain a claim made or in defence of one, it is susceptible of forgery.

The constitutional right of being heard by counsel, cannot be construed into meaning that a prisoner's counsel must be permitted to re-argue *ad infinitum* all that had already been argued and to repeat all that had already been said. There must be some restraint of the volubility of counsel since there must be a limit to the duration of a criminal trial.

Our statutes dispense with the need of setting out any copy or *fac simile* of the forged instrument in the indictment, and it may be described by its usual and common name. It is not necessary to set out anything more than is necessary to accurately and adequately express the offence. It is neither necessary nor proper to set forth matters of evidence in the indictment, nor to set forth the kind of suit or matter of contestation in which the forged instrument is receivable in evidence.

The publisher or alterer of a forged instrument need not have been the forger of it. The two acts are distinct and constitute two different and well-defined crimes.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

---

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee:

1. In any indictment for forging or uttering any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same shall be usually known. R. S. Sec. 1049.

The marriage certificate or act is required by the Civil Code. Art. 105.

Justices of the peace are authorized to celebrate marriages within their respective parishes. C. C. Art. 103.

The judges of the city courts replace the justices of the peace within the city of New Orleans, and are judicial officers exercising the powers of justices of the peace under another name. Const. Arts. 258, 261, 266, 135; 33 Ann. 148; 34 Ann. 99; see also 32 Ann. 1234.

Judges of the city courts have also the power to grant marriage licenses. Acts of 1882, p. 40.

The want of a marriage license and its publication previous to the ceremony does not affect the validity of the marriage. 26 Ann. 94. Nor is a marriage null because the laws relating to forms and ceremonies have not been observed. These laws are but directory. 20 Ann. 97; 3 La. 33; 6 La. 470; 2 Ann. 944; 7 Ann. 253; 15 Ann. 253.

Defects as to legal formalities, *e. g.* seals or stamps, or due attestations, do not preclude a prosecution for forgery. It is only when the law, to which an instrument is subject, makes it absolutely and everywhere imperative without certain formalities, that to falsely make it without such formalities is not forgery. It is under this rule that the forgery of a will without the necessary witnesses is declared not to be indictable. 1 Whart. Cr. Law, 8th ed. § 697.

2.  It is not requisite to charge in the indictment anything more than is necessary to accurately and adequately express the offence. Whart. Cr. Pl. and Pr. § 158.

It is in general sufficient to follow the words of the statute. Whar. Cr. Pl. and Pr. § 220; 8 Blackf. 212; 2 Iowa 162; 13 Miss. 13; 12 Miss. 268; 5 Blackf. 548; 3 Strobh. R. 269; 6 Miss. 147; 2 Ala. 26; 1 Not & McC. 91; 3 Penn. 142; 3 McCord, 442; 16 Mason, 448; 20 Pick, 356; 3 Gratt. 590; 6 Gratt. 664; 3 Blackf. 307; 1 Bailey, 144; 13 Ann. 243; 9 Ann. 210.

Matters of evidence need not be set forth in the pleadings. 14 Ann. 46.

When the crime is charged with certainty and precision, with a complete description of such facts as constitute it, in the language of the statute, and the accused on hearing the indictment read would clearly understand the charge, he is called on to answer, and the court could feel no doubt as to the judgment to be pronounced on conviction the indictment is good. 9 Ann. 106; Ib. 210; Whart. Cr. Pl. and Pr. § 166; 1 Starkie's C. P. 73.

3.  The judge of the Second City Court has the power to solemnize marriages and to make those acts of the celebration of the marriage which are commonly known as "marriage certificates." Const. Arts. 258, 261, 266, 135; 33 Ann. 148; 34 Ann. 99: C. C. Arts. 103, 105.

4.  (a) To "defraud" in trials for forgery is construed to mean to prejudice the rights of another. 1 C. C. 200; 1 Whart. Cr. Law, 8th ed. § 583. The term "to defraud" cannot be limited to mean "to deprive a person of his personal property."

(b) The jurisdiction of the trial court over the offense can only be questioned by plea to the jurisdiction or in arrest of judgment.

(c) There could be a forged "marriage certificate," although marriage actually took place. 1 Whar. Cr. Law, 8th ed. §§ 660, 680, 693.

(d) It is error to state the successive gradations of statutory offenses disjunctively; and to state them conjunctively, when they are not repugnant, is allowable. Whar. Cr. Pl. and Pr §§ 162, 251.

(e) The forged paper need not be such as, if genuine, could be sued on   I need only be such as would expose a prrticular person to legal process. Apparent legal efficiency is sufficient. Whar. Cr. Law, § 680. The test is whether the instrument could be used as proof in a suit with another. Ib. §§ 691, 692.

5.  The testimony is not in the record nor is it brought up by the bill; therefore, even if the appellate court had the power to review the evidence it would lack the information required for a reasonable exercise of such revisory power.

The questions of law have already been cited and discussed.

The prisoner suffered no actual injury because of the refusal of the district judge to hear argument upon the points of law presented by defendant's motion for a new trial. If these questions, as presented by the pleadings, are sound, and the action of the court below was prejudicial to the accused, they warrant the reversal of the judgment by the appellate court: otherwise, neither the revisory tribunal nor the trial judge can be justified in disturbing the verdict.

The remedial interposition of courts in granting new trials is wholly for the benefit of parties, and not to compel the good conduct of judges. 3 Gra. &. Wat. N. T, 717; 35 Ann. 974; 6 Ann. 658; 2 Caines' 85; 3 Gilm. 202; 2 Tenn. R. 5; 9 Cowan, 680; 1 Scam. 18; 1 Gilm. 475; 2 Ib. 185; 11 Conn. 342; Greenl. R. 442; 4 Day, 42; 10 Geo. 429; 1 Brev. 109; 7 Wend. 79; 1 Neo. & Man. 598; 4 B. Monroe, 386; 24 Vt. 252.

State vs. Boasso.

6. Even where the forgery is only a forgery at common law, in order that the uttering of the forged instrument should be an offense it is not requisite that any fraud should be actually perpetrated by it. An intent to defraud will be sufficient, and that intent is to be inferentially proved. 1 Whart. Cr. Law, 8th ed. § 705.

It is scarcely necessary to say that to constitute the offence of uttering, it is in no case requisite to show that the defendant had been implicated in the forgery. R. S. Sec. 833; 1 Whart. Cr. Law, 8th ed. § 712.

*Marks & Bruenn* and *A. A. Ker & J. Duvigneaud* for Defendant and Appellant:

1. Where an indictment seeks to charge a crime not provided for specifically by statute, a trial and conviction resulting therefrom is a nullity.
2. Where it is shown that no forgery or altering of any document recognized in law, and by or through which the crime of forgery can be committed, and there having been no forgery, the crime of altering and publishing cannot exist independent thereof.
3. The constitutional right to be heard in person or by counsel can never be denied by any court.
4. The publishing must be of a forged, false, altered or counterfeit record, with intent to injure or defraud some person or body politic or corporate. Revised Statutes, sec. 833.
5. Where it is charged in an information that a certain instrument, created by special statute with specific and distinctive features, has been altered and falsely published as true, it must be shown, in order to maintain the charge, that the identical instrument thus created has been altered and published. It does not maintain the charge to prove that another instrument has been altered and falsely published, no matter how close its resemblance to the instrument created by the statute and described in the information. State vs. Anderson, 30 Ann. 557.
6. The criminal statutes of this State make it a crime to falsely publish as true an altered record, but there is no such crime known to the law of Louisiana as altering and publishing as true an altered, false and counterfeit instrument. 30 Ann. 557.

---

The opinion of the Court was delivered by

MANNING, J. The indictment contained two counts, first forging a certificate of marriage, and second for publishing as true such forged certificate, and there was a conviction of both. The State entered a *nol. pros.* of the first and the prisoner was sentenced upon the second to imprisonment at hard labour for fourteen years.

There was a motion to quash on the ground that the pretended marriage certificate cannot in law be the subject of forgery, because it is invalid on its face and void of legal effects, the invalidity and want of legality being that the City Courts of New Orleans are without authority to issue marriage certificates or to solemnize marriages.

The certificate alleged to have been published as true purported to have been issued by William Voorhies, judge of the Second City Court of New Orleans, and certified the marriage of T. J. Boasso with Mary Catherine Kuhn on the 23d day June, 1885.

Justices of the peace were authorized to celebrate marriages, Rev. Civ. Code, art 103, and any one who celebrates a marriage must make

"an act" thereof, Ibid, art. 105. The judges of the "City Courts" of New Orleans replace, under the Constitution of 1879, the justices of the peace. Const., arts. 135, 266; State *ex rel.* Howard v. Walsh, 32 Ann. 1234. And the legislature has expressly granted them the right to issue licenses to celebrate marriages. Acts 1882, p. 40. The judge of the Second City Court of New Orleans has therefore the right to solemnize marriages and is required to make a certificate thereof, that being the name of the kind of "act" he then confects, and hence the motion to quash was properly denied.

The court was requested to make the following charges to the jury, which were refused:

1. That the offence must have been committed with intent to defraud, and to defraud means to deprive a person of his personal property.

The judge had already in his charge explained to the jury at great length that an intent to defraud was one of the essential elements of forgery, and he cannot be required to repeat what he has already said with lengthy explanations. He instructed the jury that "defraud"! meant something more than the definition of personal property, and he is correct. Wharton says it means to prejudice the rights of another, Cv. Law § 683. The statute punishes where the intent is to injure or defraud, Rev. Stats. sec. 833, and the indictment contains the charge of intent to injure and defraud.

2. That the law requires that the offence shall have been committed within the jurisdiction of the court, and if it be not so shewn the accused should be discharged.

The judge seems to have misapprehended the purport of this request as his answer was that the question of jurisdiction was not before the court, and there was no doubt of its jurisdiction, but he had already charged the jury that the State must shew affirmatively beyond a reasonable doubt that the offence charged had been committed in the parish of Orleans, that is, within the jurisdiction of the court, and the jury when they found the verdict of guilty as charged, necessarily passed upon the proof of that fact and found that it had been proved.

3. That there could be no forgery of a marriage certificate where no marriage ever existed.

To which the judge replies that the evidence on the trial established the possibility of such a contingency. It must be noted that this remark on the evidence was not made in the presence of the jury, but is the reason given by the judge in the bill of exceptions. While

judges are prohibited in criminal trials from commenting to the jury on the evidence, they are required to give to th appellate tribunal their reasons for refusing instructions that are prayed.

But the instructions prayed are not good law. As well might it be said there could be no forgery of a promissory note where no indebtedness of the maker existed. A certificate of a marriage that had not taken place, might be made for a variety of purposes, e. g., to affect the descent of property, to deceive individuals and families, etc., and when the forgery had for its intent to injure and defraud and the intent has been accomplished and borne its fruits (of which the jury are the triers) the offence is complete.

4. That the alleged forged instrument must be one which, if genuine, a suit could be brought upon it, for if it cannot be sued on it cannot be forged.

It is not essential that the forged instrument be one that, if genuine, an action might be brought on it. If it could be used as proof in a suit, either against him whose name is forged or in a suit against any other, whether to sustain a claim made or in defence of one, it is susceptible of forgery. 1 Wharton Cr. Law, §§ 691-2.

5. That there are two counts joined by a copulative instead of a disjunctive conjunction and they therefore form but one offence and the jury must disregard the charge of publishing as a second count.

The two counts are not joined in any way in the indictment. They are separate, distinct, and each complete in itself.

Besides these five bills there was a motion for a new trial, a motion in arrest of judgment and an assignment of errors.

The first is the usual motion formally made as a precursor to an appeal, but the counsel for the prisoner insisted on arguing it, which the court refused, saying he desired no argument thereon and overruled it. To this refusal a bill was taken.

The counsel arraign this refusal as a denial of the prisoner's constitutional right to be heard. The prisoner had been heard throughout as the numerous bills and motions attest, and if any error of law had been committed by the judge, the proper methods had been taken to bring such error before the appellate tribunal. An argument on the motion for a new trial on the ground that the verdict is contrary to the law and the evidence, could be only a reproduction of the arguments in the several stages of the trial, and surely the constitutional right of being heard cannot reasonably be construed as meaning that a prisoner's counsel must be permitted to re-argue *ad infinitum* all that had been

already argued, and to repeat all that has been already said. There must be some restraint of the volubility of counsel, since there must be a limit to the duration of a criminal trial. If a judge has a doubt of the correctness of his rulings or of the jury's verdict, he ought to and will grant a new trial, but when he has neither one nor the other, it is no denial of a constitutional right to refuse to hear argument on the formal motion for a new trial, based alone on the ground that the verdict is contrary to the law and the evidence.

The motion in arrest is on the ground that the verdict is an absolute nullity, for the reason that the indictment failed to specify the matter in which the certificate or attestation was or might have been receivable as legal proof.

The indictment is based on sec. 833, Rev. Stats., which punishes on conviction, whoever shall forge or counterfeit  *   *   any certificate or attestation of any public officer in any matter wherein his certificate or attestation is receivable and may be taken as legal proof; or shall alter or publish as true any such false, altered, forged or counterfeited certificate or attestation with intent to injure or defraud any person.

As the judge of the Second City Court had authority to celebrate marriages and to make certificate of such celebration, his certificate is receivable in proof thereof. Our statutes dispense with setting out any copy or fac simile of the forged or published paper, and do not require that it shall be described by any technical name, but it may be designated by the name which it is usually known. Rev. Stats., sec. 1049. "Marriage certificate" is the name by which "acts of marriage" are usually known.

The indictment follows the words of the statute and it is not needful to charge anything more than is necessary to accurately and adequately express the offence. Wharton Cr. Pl. and Pr., § 158. It is sufficient to state all the circumstances comprised in the definition of the offence as given in the statute, so as to bring the defendant clearly within its provisions. State v. M'Clanahan, 9 Ann. 210. It is neither necessary nor proper to set forth matters of evidence in the pleadings, nor to set forth the kind of suit or matter of contestation in which the forged instrument is receivable in evidence.

The assignment of errors is: first, that the "indictment is defective, in that it seeks to charge the commission of a crime unknown to and not contained in the criminal statutes of this State. Second, that the record shews there was no forging or altering of any document recognized in law by or through which the crime of forgery can be committed. There being no forgery committed, the crime of publishing and

uttering cannot exist independent of forgery. Third, that the record shews that the defendant was deprived of the right of being heard through counsel and by argument, contrary to his vested constitutional right."

This last alleged error has been already disposed of. The second is made on the supposition that the publisher of a forged paper must himself have been the forger, whereas the two acts are altogether distinct and constitute two different and well-defined crimes. One man may have forged a paper and another have published it. The defendant may have been innocent of forgery and guilty of publishing the forged instrument. The crime charged is denounced by the criminal statute already cited, and in its identical words.

We find no error in the rulings of the lower court.

Judgment affirmed.