Statement of the Case.
NICHOLLS, J.
The plaintiff alleged that she was the owner of certain property in the city of New Orleans, described as “a certain irregular portion of ground designated as No. 128 of Rickerville, and having a frontage of 87' 4" 4'" front on the right of way of the New Basin Canal to a point on Breedlove street, 3545' 8'' 4'", and having a frontage on Breedlove street of 368' 3" 2'", and measuring on the lake line, extending through Breedlove street to the-property line of the New Basin Canal, 3572' 4" 3'"; all as will more fully appear by the blue print of Frank H. Waddill, surveyor, dated June 29th, 1903, annexed hereto and made part hereof,” except a certain right of way of the Illinois Central Railroad Company and of the Louisville, New Orleans; & Texas Railway Company.
That the said property was acquired by her *737 as legatee and widow in community of her husband, Bernard Fellman, from David Haas, by act before Abel Dreyfous, notary public for the parish of Orleans, on April 30, 1887, duly registered in the conveyance office, Book 124, folio 715.
That the said property had been owned by herself and vendors ever since its acquisition on April 30, 1887, and that the taxes had been regularly paid ever since.
That the late Alfred S. Guitterez, a resident of this city and state, whose succession was now under administration in the honorable, the civil district court for this parish, whereof Adele Caroline Rey is administratrix, took illegal possession of a certain portion of the property herein described, to wit:
“All of that triangle situated and being found-, ed as follows: On the southwest side by the right of way of the Illinois Central Railroad Company; on the northwest side by the lower hne of petitioner’s property, known as No. 128 Rickerville, and the line of Bloomingdale; on the northeast side by the line of Washington street shell road; and on the southeast side by the upper line of petitioner’s property, being No. 128 Rickerville, and being practically coexistent with the triangle formed by the line of Bloomingdale, the line of Melpomene street, and by the right of way of the Illinois Central Railroad Company, or Calliope street, excepting only the acute angle at the southeastern portion of the said triangle.”
That since the death of the said Alfred Guitterez, his said succession, through Adele Caroline Rey, administratrix, asserted an illegal claim and possession thereof, and that, notwithstanding amicable demand, it had refused to surrender same to petitioner.
That the value of the said property of which such illegal possession had been taken was worth over the sum of two thousand dollars ($2,000).
That her title thereto was good and perfect and that the claim of the said succession of Alfred S. Guitterez was without right or title. That petitioner desired to have her title thereto recognized, and possession thereof restored to her.
Plaintiff prayed that the succession of Alfred S. Guitterez, through Adele Caroline Rey, administratrix, be duly cited, and that after due proceedings had there be judgment in favor of petitioner and against the said succession, decreeing petitioner to be the owner of the property herein described, recognizing her title thereto, and restoring to her possession thereof. Petitioner further prayed for general and equitable relief.
Defendant answered. She pleaded the general issue. She then' specially denied that it or that the deceased was ever in possession of any property belonging to the plaintiff herein, or to her vendor or author, or that she had any valid title to that portion of land having the shape of a triangle formed by the intersection of the Illinois Central Railroad and Washington avenue shell road, as alleged by her in her, petition, and as represented by the blue print annexed to her said petition. That the late Alfred S. Guitterez, whose succession was the defendant herein, on the 11th of November, 1892, by act passed, before Fergus Kernan, notary public of this city, acquired from T. O. Stark, now deceased:
“A certain portion of ground in this parish, in the Sixth district, late Fourth district, bounded on the north by Washington avenue shell road, on the south in part by 16th street and in part by the fence of the Illinois Central Railroad ; on the west by Lowerline si reet; and on the east by the point of intersection of the Illinois Central Railroad with Washington avenue shell road, of triangular form, and measuring about seven hundred feet on Washington avenue shell road, about three hundred and fifty feet deep, and converging to a point to the east.”
Which act was duly registered iu the conveyance office of this parish. That at the time of said purchase of the above-described property by the said deceased, the same was inclosed and in the possession of his vendor, Stork.
That the said Alfred S. Guitterez, from the date of his purchase of said property tirus purchased by him, and up to the date *739 of his death, on the 10th of September, 1903, had been in open and actual and public possession thereof, and resided thereon as his home.
That the property claimed by plaintiff was a part.and parcel of the above-described property thus purchased by the above-named de- - ceased, and the latter was from the 11th November, 1892, the date of his. purchase thereof from his vendor, Stork, as above stated, and up to the 10th of September, 1903, in actual, visible, open, and public possession thereof, as owner thereof, residing thereon with his family, and that the succession of said deceased, which succession was now in due course of administration in this honorable court, was in possession of said property as owner thereof.
That the title of the said deceased and of his succession to the above-described property, and to that portion thereof claimed by the plaintiff, was superior to that of plaintiff.
Further answering, she averred that the said deceased and his succession had been in actual, open, public, and uninterrupted possession of the above-described property, under a title bearing good faith on its face, in due form and valid, and translative of the ownership thereof, as owners of said described property, under a recorded deed, from the 11th of November, 1892, for more than 10 years prior to the filing of plaintiff’s suit, now specially pleaded the prescription of 10 years to said plaintiff’s action.
In view of the premises, defendant prayed that its title to the above-described property be recognized as superior to that of plaintiff, that the prescription of 10 years herein pleaded be maintained, and that plaintiff’s action and petition be dismissed, with costs, and for general relief.
The district court rendered judgment in favor of the defendant, sustaining the plea of prescription, and dismissing plaintiff’s suit, and she has appealed.
Opinion.
Counsel for plaintiff quotes Babineau v. Cormier, 1 Mart. (N. S.) 4G0, as saying: (
“Under these circumstances of error on the part of the vendor in delivering property not sold, and error on the part of the vendee in taking possession of that which he did not purchase, the question is, can the latter hold it by prescription? We think not. An important and indispensable requisite is wanting to make out a title of the kind, viz., the intention to possess. The vendor intended to enter into and hold the property sold him. What he possessed over and beyond the property purchased was in error.”
He also quotes the syllabus of Kittridge v. Landry, 6 Rob. 477, to the effect that:
“Where there was error on the part of the vendor in delivering, and on the part of the vendee in receiving, the possession of property sold, such possession of property cannot serve as a basis for the prescription of ten years, as where land sold a purchaser from the United States having been erroneously located, the possession in conformity thereto was necessarily erroneous.”
Defendant cites Civ. Code, art. 3454, No. 3-3484, 3485, 3486; Giddens v. Mobley, 37 La. Ann. 419; State v. Boasso, 38 La. Ann. 207; and Wells v. Goss, 110 La. Ann. 347, 34 South. 470.
We do not find in this case that there was any error in delivery of the things sold by the vendor, nor error in the vendee in taking possession of the same.
The thing delivered by the vendor and taken possession of by the vendee was precisely that which the minds of the parties had met up and described in the act of sale. Not only were the boundaries declared in that act, but the property' was inclosed at that time, and the vendee took possession of the same, and has held possession thereof ever since.
There is nothing in the evidence which would go to show that the defendant did not “honestly believe” that his vendor was not the real owner of the property. We think the judgment correct, and it is hereby affirmed.