(123 So. 624)

No. 30003.

## STATE v. WILSON.

June 17, 1929.

Dhu Thompson, of Ruston, for appellant.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, of New Orleans, for the State.

ST. PAUL, J. The defendant appeals from a conviction and sentence for forgery.

The indictment charges that the defendant (John Willie Wilson) "did wilfully, unlawfully and feloniously, with intent to defraud, forge and utter as true a check of Earnest Young in favor of McDonald & Co., drawn on Ruston State Bank, in the sum of $12, knowing the same to be false and forged."

Bill of exception No. 1 recites that the check was signed "Earnest Young, his (x) mark"; that defendant did not know how to read or write; that defendant testified that when he put his (x) mark on the check he believed it was drawn in his own real name. Wherefore defendant requested the trial judge to charge the jury, in effect, that if they believed that defendant had placed his mark upon the check, believing that it bore his correct name, then defendant was not guilty of forgery.

The trial judge refused the charge on the ground that it was "in no sense responsive to the facts testified to by the prosecuting witness, F. E. Rinehart, and would have been misleading to the jury."

The charge should have been given, as it was for the jury and not for the judge to determine whether *the facts* were as testified to by the prosecuting witness or by the accused. State v. Atkins, 136 La. 844, 67 So. 926.

Bill of exception No. 2 was reserved to the refusal of the trial judge to charge the jury in substance and effect that where a person issues and signs a check as his own, even though issued and signed with a fictitious name, it is no forgery.

The trial judge refused this charge as not responsive to any state of facts testified to on the trial. But the per curiam to bill No. 1 shows that the defendant represented himself to the prosecuting witness as "Earnest Young" and obtained goods from the witness on the representation that he had money in bank and would pay for said goods by check. It is clear therefore that defendant was merely using a fictitious name, and this was not *forgery*. "The essence of the offense [forgery] is the making of a false writing with the intent that it shall be received as the act of another than the party signing it." 26 Corp. Jur. 896.

The mere use of a fictitious or false name may constitute false pretenses, but so long as the writing or check purports to be the act of the very person issuing it, and of no other, it is no forgery. State v. Melson, 161 La. 423, 108 So. 794, and authorities there cited.

Bills Nos. 3 and 4, being general objections to the judge's charge and to the sufficiency of the evidence, present nothing for our consideration.

The verdict and sentence are therefore set aside, and the case remanded for a new trial according to law.