HAMITER, Justice.
 

 William Arthur Devenow was charged in a bill of information with the crime of forgery. He was tried by a five-man jury, which rendered a verdict of guilty, and was sentenced to serve seven years in the Louisiana State Penitentiary. He is appealing from his conviction and sentence.
 

 In the proceedings in the district court the defendant reserved and perfected thirty-five bills of exceptions. Because many concern similar alleged errors of law, the accused, in arguing to this court, has grouped them in what he terms SPECIFICATIONS OF ERROR. In this opinion we shall discuss the issues in the manner presented by the defendant. However, in order to give a better understanding of the nature of the specifications, we first set forth hereinafter a brief summary of the facts.
 

 The charge grew out of the defendant’s alleged unauthorized use of credit cards issued in the name of one Preston Chandler of Ruston, Louisiana. Using such cards for identification, the defendant obtained from the credit manager of Selber Bros. Department Store of Shreveport, Louisiana, a Mr. Walter Pipes, approval to charge a suit of clothes, as well as a temporary card which would enable him to make additional purchases at such place. He bought the suit; and he signed the delivery slip for it, which was billed to Preston Chandler at Chandler’s Toy and Gift of Ruston, Louisiana. The suit required alterations so he agreed to return for it later.
 

 Thereafter, using the temporary card, he made other purchases in the store, charging them to Preston Chandler of Ruston and signing the delivery slips as he did the original one.
 

 Meanwhile, one of the store employees became suspicious of his identity and reported this to Pipes. Whereupon the latter telephoned Mrs. Chandler in Ruston and learned that Chandler was at home (not in Shreveport) and that Mrs. Chandler’s credit cards (in Chandler’s name) were missing. He then enlisted the assistance of the Shreveport police.
 

 The accused returned to the store the same afternoon, made additional purchases, and picked up his suit.
 

 Upon leaving, he was followed by one of Selber’s employees to a spot near the bus station. The employee then returned to the store, was joined by Officer Donnie Nichols, a police detective, who went back
 
 *801
 
 with him to such station. They were joined there by another officer.
 

 The accused was pointed out to the officers by the employee. When he was apprehended and searched, he was wearing the suit bought at Selber Bros. Another article purchased there was in his possession. (Others were found in a locker in the bus station to which the defendant had the key.) Also, the credit cards in the name of Preston Chandler were found in his wallet. Immediately, he was taken to the police station and booked.
 

 The instant charge of forgery covers only the accused’s signing of the delivery slip for the suit of clothes.
 

 The defendant, in a single pleading, filed a “Motion to Quash [the information] and Motion to Suppress Evidence.” The latter referred to the suit of clothes and to other articles recovered by the police at the time the accused was arrested.
 

 The motions, which were denied after a hearing, alleged that the arrest was made without a warrant; that the provisions of Article 213 of the Code of Criminal Procedure were not applicable; that defendant was not told that he was under arrest or what he was charged with; that he was never apprised of his constitutional rights, particularly those pertaining to counsel; that he was questioned for a considerable time without being advised of his privilege as to making statements; and that he was not allowed to place a telephone call to obtain counsel.
 

 Because of the alleged defects, the defendant insists that he was entitled to have suppressed all of the evidence taken
 
 at the time of his
 
 apprehension, and further that the charge against him should be quashed because it resulted from information obtained in the course of the illegal arrest.
 

 The appellant’s several complaints here with respect to the trial judge’s rulings are set forth in the hereinafter quoted specifications.
 

 Specification No. 1.
 
 “Allowing hearsay evidence on the trial of the Motions to Suppress Evidence and Quash the Bill of Information (Bills of Exceptions Numbers 1, 9 and 10).”
 

 There is no merit in this specification. The defendant contends that, among other defects, the arrest was illegal because it was made without a search warrant and that the provisions of Article 213 of the Code of Criminal Procedure were not applicable. Article 213(3) provides that a peace officer may arrest without a warrant when he “has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer.” The hearsay testimony referred to related to the information on which the officers made the arrest. It was competent to show reason
 
 *803
 
 able or probable cause, even though, concededly, it would not have been competent at the trial of the case to determine the guilt or innocence of the accused. State v. McIllvaine, 247 La. 747, 174 So.2d 515, cert. den. 383 U.S. 921, 86 S.Ct. 898, 15 L.Ed.2d 676, rehearing denied 383 U.S. 954, 86 S.Ct. 1204, 16 L.Ed.2d. 216, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. See also Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.
 

 '
 
 Specification No. 2.
 
 “Allowing evidence to show guilt of defendant on the Motions to Suppress Evidence and Quash the Bill of Information (Bills of Exceptions Numbers 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 15, 16 and 17).”
 

 This specification is, in our opinion, groundless. Inasmuch as one of the bases for the motion to quash the information and for the motion to suppress evidence was that the accused’s arrest was illegal, having been made without a warrant, it was essential that the state show that the arresting officers had reasonable or probable cause for making it. Necessarily this showing would involve facts and circumstances relating to the guilt of the accused. Furthermore, we fail to see how the introduction of such evidence at this time coma have been prejudicial to him.
 

 Specification No. 3.
 
 “Overruling the Motions to Quash the Bill of Information and Suppress Evidence (Bills of Exceptions Numbers 18, 19 and 22).”
 

 The evidence adduced at the hearing more than amply supports the district court’s finding that the arrest was made on reasonable or probable cause and, therefore, was proper.
 

 Moreover, the evidence does not sustain the allegations of the motions that the accused was not informed by the arresting officers that he was under arrest, or what he was charged with, or that he was not informed of his constitutional rights with regard to counsel and as to making statements. To the contrary, we think that it shows that he was properly informed in every respect; and that even before arriving at the police station he 'requested the right, and thereafter was ■granted permission, to consult counsel.
 

 Besides, following his arrival at the station, he was merely booked in the normal procedure, and shortly thereafter he was permitted to telephone an attorney who came to see him later in the evening. (His initial apprehension in the bus station took place about 5:00 p. m., and he was allowed to call the áttorney by 6:20 the ' same evening.) Because of his almost immediate demand to see an attorney he was not then questioned by the police. No statement was taken, and none was offered in evidence at the trial. (Before the booking • procedure was completed he vol
 
 *805
 
 untarily spoke privately with an agent of the Federal Bureau, of Investigation who was nearby. The nature of that discussion, other than that the agent informed defendant as to his constitutional rights, was not disclosed.) Therefore, we are of the opinion that the court’s overruling the motions to quash the information and to suppress evidence was proper.
 

 Specification No. 4.
 
 “Overruling defendant’s Motions for Continuances for arraignment and trial and time to consult with the defendant’s counsel prior thereto and forcing defendant to trial immediately upon overruling of the Motions (Bills of Exceptions Numbers 20, 21 and 23).”
 

 We should like to point out that the court did not force “the defendant
 
 to trial
 
 immediately upon overruling of the motions.” When the motions were overruled on November 7, 1967, defense counsel requested a delay for his arraignment. When asked his reason he responded that he wanted to confer with his client “to discuss the case further and our next move to make.” The court declined to grant the continuance, whereupon the defendant was arraigned and pleaded not guilty.
 

 Thereafter, the state moved to set the case for trial on November 13, 1967, or six days later. This was done over objection of defense counsel who again sought a continuance.
 

 First of all, a motion for a conr tinuance must be in writing; it must allege specifically the grounds on which it is based; and it must be verified by the defendr ant’s, or his counsel’s affidavit. Article 707 of the Code of Criminal Procedure. That was not done in the instant case. Both motions were oral, and with respect to neither were any legal reasons given for the seeking of such continuances.
 

 In his per curiam the trial judge states that: “ * * * Defense counsel had been employed for thirty days and the trial was then set for six days away, which is adequate to prepare for trial. No special circumstances were shown which would prejudice the defendant by the trial on that date.”
 

 The case was not a complicated one. The transcript of testimony relating to the trial, including the opening statement of the state and the judge’s charge to the jury, consumes only sixty-four typewritten pages. Under the circumstances we find no abuse of the court’s discretion in denying the continuances.
 

 Specification No. 5.
 
 “Allowing evidence to show guilt of the defendant in crimes not charged in the Bill of Information upon trial of the merits (Bills of Exceptions Numbers 25, 26, 27, 28, 29, 30 and 31).”
 

 The evidence referred to concerned the credit purchases other than the suit made by the accused on the same day, and
 
 *807
 
 the signing of delivery tickets therefor, subsequent to his obtaining the Selber Bros, credit card. Permitting the introduction of such evidence was not erroneous. LRS 15 :- 445 and 15:446 provide: “In order to show-intent, evidence is admissible of' similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.” Section 445.
 

 “When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.” Section 446.
 

 And it is well settled that in forgery cases evidence of other independent crimes of the same nature are admissible to prove intent to defraud, to show a system, and to disclose guilty knowledge of the defendant, particularly where the other offenses are closely related and connected as here. State v. McBrayer, 188 La. 567, 177 So. 669, State v. McCranie, 192 La. 163, 187 So. 278, State v. Jacobs, 195 La. 281, 196 So. 347.
 

 Specification No. 6.
 
 “Overruling the defendant’s motion for a Directed Verdict of Acquittal (Bill of Exceptions Number 32).”
 

 In the motion for a directed verdict it was urged that there was no evidence to support the charge of forgery; but, rather, that the showing made was only that the accused used an alias. In urging the bill to this court the defendant relies on the case of State v. Melson, 161 La. 423, 108 So. 794.
 

 There is no doubt but that the mere use of an alias in issuing checks, or in signing other documents to obtain something of value, does not constitute the crime of forgery. State v. Melson, supra, State v. Wilson, 168 La. 932, 123 So. 624, State v. Ramsey, 242 La. 1089, 141 So.2d 375 and State v. Mann, 250 La. 1086, 202 So.2d 259. As we pointed out in the Mann decision “The mere use of a
 
 fictitious or false
 
 name may constitute false pretenses, but so long as the writing or check purports to be the act of the very person issuing it,
 
 and of no other,
 
 it is no forgery”; and further that “The essence of the offense [forgery] is the making of a false writing with the intent that it shall be received
 
 as the act of another
 
 than the party signing it.” (Underscoring ours)
 

 The record in the instant case leaves no doubt that the name used by this accused in signing the credit slip for the suit was not merely a fictitious or false name.
 
 *809
 
 The evidence is convincing that, by the unauthorized use of the credit cards, he identified himself as Preston Chandler of Ruston, Louisiana, another
 
 real identifiable person;
 
 and that he signed the credit slip
 
 as that other person
 
 who, incidentally, testified at the trial. Therefore, the district judge properly overruled the motion for a directed verdict.
 

 Specification No. 7.
 
 “Overruling defendant’s requested special charges to the jury (Bills of Exceptions Numbers 33, 34 and 35).”
 

 There was no error in the court’s rulings. The defendant’s request was for five special charges. The judge gave 1 and 2, but he denied 3, 4 and 5.
 

 An examination of the charges reveals that 3 and 5 are but another way of stating what was said in 1 and 2; that is that, even though the jury should find the accused guilty of having committed other offenses, it must bring in a verdict of not guilty if the specific crime of forgery charged (and all the elements thereof) had not been proven. These charges also were contained fully and in detail in the general charge.
 

 Requested charge No. 4 was: “Should you find him guilty of another crime and not forgery and you bring back a verdict of not guilty of forgery, you do not in any way prejudice the State’s right to bring charges of the other crimes and prove them before this Court.”
 

 In this connection the defendant urges that the charge was proper “because unless the jury was convinced of the guilt on forgery alone, they should not have convicted the defendant.” The general charge contained a specific, detailed and correct statement on this point. Moreover, the accused has cited no authority, and we know of none, which requires that the jury be instructed that the state might recharge and try the accused for another crime if he is found not guilty of the one for which he is then being tried.
 

 Specification No. 8.
 
 “Overruling Defendant’s Motion for New Trial (Bill of Exception Number 36).”
 

 The motion for a new trial was based on the errors alleged in the prior bills of exceptions. It requires no discussion.
 

 For the reasons assigned the conviction and sentence are affirmed.