814 So.2d 619 (2002)
STATE of Louisiana
v.
Lawrence J. MATTHEWS.
No. 2001-KA-0868.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 2002.
*620 Harry F. Connick, District Attorney, Julie C. Tizzard, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge DAVID S. GORBATY).
GORBATY, Judge.
On August 17, 2000, defendant was charged by bill of information with two counts of forgery in violation of La. R.S. 14:72. Defendant pled not guilty at arraignment on September 6, 2000. On September 27, 2000, after receiving a copy of the police report, counsel for defendant withdrew his motion for preliminary hearing and all discovery motions. On December 7, 2000, the case was tried, and a jury found defendant guilty as charged on both counts.
On February 7, 2001, the court heard testimony on defendant's motion for new trial and denied the motion. The court granted defendant's motion for post verdict judgment of acquittal as to count two on the basis of double jeopardy.[1] After waiving all delays, the court sentenced defendant to ten years at had labor. Defendant subsequently filed this appeal.

FACTS AND PROCEDURAL HISTORY
Mike Paulis, a United States Postal investigator, testified that in August of 1999, he was conducting an investigation into counterfeit checks. A number of checks were cashed at the Bermuda Supermarket. Inspector Paulis retrieved a check that purported to be from Southern Quality Home. The check was made payable to Terry L. Hunter, Sr. in the amount of $275.48 and dated July 9, 1999. Inspector Paulis also retrieved a "Regiscope photograph" depicting the check, a counterfeit driver's license, and the person who cashed the check. A "Regiscope photograph" is rendered by a proprietary device which is able to capture a likeness of the person cashing a check, the check, and the identification used to cash the check, all on one photograph.
Utilizing the "Regiscope photograph," Inspector Paulis developed the defendant as a suspect in the case. Inspector Paulis obtained a photograph of the defendant from the New Orleans Police Department, compared it to the "Regiscope photograph," and formed the belief that the two were of the same person. At this point, Inspector Paulis turned his investigation over to Detective Clint Laumann of the New Orleans Police Department.
Barbara Garner testified that she is the owner/operator and administrator of Southern Quality Home Health Center. She testified that she does not know anyone by the name of Terry L. Hunter. Garner examined the check in question and testified that although the account number on the check was that of her company, the check was not one of the company's *621 checks. She could not identify the signature on the check that was only legible to the extent that the first name appeared to be "Barbara."
Detective Clint Laumann testified that he obtained a handwriting exemplar from the defendant and submitted it to the New Orleans Police Department's document examiner for analysis.
Officer Chana Pichon was qualified as an expert in handwriting analysis. She testified that she compared the endorsement on the back of the check with the handwriting exemplar completed by the defendant and was of the opinion that the two were of common authorship.
Walter Puckett, the manager of the Bermuda Supermarket, testified that after he deposited the check in question it was returned by the bank stamped "signature unauthorized."

ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the evidence was insufficient to establish guilt for the crime of forgery. The standard of review as to the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
When issues are raised on appeal both as to sufficiency of evidence and as to one or more trial errors, the reviewing court should first determine sufficiency of the evidence. When the entirety of the evidence, including inadmissible evidence that was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any issues regarding trial errors become moot. State v. George, 95-0110 (La.10/16/95), 661 So.2d 975, 978; State v. Hearold, 603 So.2d 731, 734 (La.1992).
Forgery is defined by La. R.S. 14:72 as follows:
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
By count one of the bill of information, defendant was charged with forgery by false making. By count two, defendant was charged with forgery by false issuing or, as it is known at common law, uttering. He urged a motion for post judgment verdict of acquittal as to the uttering charge. After a discussion with defendant and his counsel, during which the district attorney was present but silent, the trial judge granted defendant's motion for post judgment verdict of acquittal as to the uttering charge. Although it was defendant's wish that his motion be granted as to uttering, it was ultimately the decision of the trial court to do so as to that charge.
The record reflects that no evidence was introduced to establish that defendant made the counterfeit check in question. In State v. Harrison, 505 So.2d 783 (La. App. 2 Cir.1987), writ denied, 512 So.2d 433 (La.1987), it was undisputed that the defendants "endorsed the various checks with the names of the fictitious payees and negotiated the checks, receiving the proceeds." Id. at 792. The court stated:
The defendants contend that the act of endorsing the checks with the name of the fictitious payees constituted the use *622 of an alias and, as such, did not constitute a false making within the meaning of the forgery statute.
The simple use of a fictitious payee or an alias alone did not constitute the crime of forgery. The mere use of a false or fictitious name may constitute false pretenses, but so long as the writing purports to be the act of the person issuing it and of no other, there is no forgery. State v. Celestine, 439 So.2d 426 (La.1983); State v. Devenow, 253 La. 796, 220 So.2d 78 (1969); State v. Mann, 250 La. 1086, 202 So.2d 259 (1969); State v. Wilson, 168 La. 932, 123 So. 624 (1929).
The forgeries committed by [the defendants] were not accomplished by the mere act of endorsing the checks with the names of the fictitious payees. In signing the fictitious endorsements, the defendants never represented those endorsements to be the act of any person other than themselves.
Id. See also State v. Melson, 108 So. 794, 161 La. 423 (La.1926).[2]
Although there was evidence to establish that defendant endorsed the check with the name of the fictitious payee, that is insufficient to establish the crime for which he was convicted. Since we find that the evidence was inadequate to support defendant's conviction, we pretermit discussion of his other assignments of error.

CONCLUSION
Accordingly, for the foregoing reasons, defendant's conviction and sentence are vacated.
CONVICTION AND SENTENCE VACATED.
BAGNERIS, J., dissents with reasons.
BAGNERIS, J., dissenting with reasons.
I respectfully dissent for the following reasons. The defendant was charged with two counts of forgery: forgery by false making, and forgery by false issuing. The trial judge found defendant guilty as charged under both counts.
The trial judge merely granted the motion for post-verdict judgment of acquittal to avoid double jeopardy. As the trial court judge stated during the hearing on the motion for post verdict judgment of acquittal:
THE COURT: You've got a motion post-verdict judgment of acquittal. You have two counts there. Which count do you wish to make your motion with regard to?
MR. MEYER: Uttering. Mr. Matthews says uttering.
THE COURT: He wants to make the motion as to Count Two and let the Count One stand.
MR. MEYER: That's correct.
THE COURT: Motion for post-verdict judgment of acquittal as to Count Two is granted. The Court believes that a man cannot be found guilty of both the forgery and the issuing of the forged check involving a same incident. I do believe, as Mr. Meyer said earlier, that does constitute double jeopardy. An essential element of one crime is a partan essential element of the second crime.

*623 All right. That is granted. Again, you're entitled to delays as to that judgment also.
Thus, the trial judge made no determination as to whether the defendant's forgery conviction should rest on the ground of false making or on the ground of false issuing; rather, the defendant decided which count would be vacated.
Accordingly, I disagree with the majority's finding that because the trial judge vacated the wrong forgery conviction, the defendant's conviction of false making, based on insufficient evidence, must also be vacated. Rather, I would remand the case for the trial judge to properly determine on which count of forgery the evidence supports.
NOTES
[1] In State v. Smith, 475 So.2d 331 (La.1985) the Louisiana Supreme Court held that that it was the intention of the legislature in drafting La. R.S. 14:72 to provide the state with two avenues upon which to prosecute a defendant for forgery and not to impose double punishment for the same offense. Therefore the imposition of separate convictions and sentences for forgery by false making and forgery by false issuing of the same forged check violates the constitutional ban of double jeopardy.
[2] "[I]t is of the essence of forgery, or uttering, that the writing (made, altered, or uttered) `purport to be the act of another person' than the one charged with the offense. State v. Taylor, 46 La. Ann. 1332, 16 So. 190, 25 L.R.A. 591, 49 Am. St. Rep. 351. And therefore one cannot be guilty of forgery or uttering, who makes or issues a writing as his own, even if in so doing he uses a fictitious name and his intent be to defraud." 108 at 795, 161 at 426.