855 So.2d 740 (2003)
STATE of Louisiana
v.
Lawrence MATTHEWS.
No. 2002-K-1121.
Supreme Court of Louisiana.
September 19, 2003.
PER CURIAM.
Granted. This case is remanded to the court of appeal for reconsideration.
For purposes of implementing this Court's rule in State v. Smith, 475 So.2d 331 (La.1985), which held that while La.R.S. 14:72 authorizes dual prosecution of a defendant for the false making and the issuing of the same instrument it does not authorize cumulative convictions and punishment for falsifying and transferring the same check, it did not matter which count the trial court set aside when it granted the defendant's motion for a post-verdict judgment of acquittal and vacated the jury's verdict on the count charging defendant with issuing the forged check. However, in applying Louisiana's longstanding fictitious payee rule, and in implementing the due process rule of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), governing review of the sufficiency of the evidence, the court of appeal correctly concluded that the evidence at trial did not support the defendant's conviction for forgery based on the remaining count of false making, although the evidence established that he had endorsed the forged check on the back with *741 an alias or the name of a fictitious person. State v. Matthews, 01-0868, pp. 4-5 (La. App. 4th Cir.3/20/00), 814 So.2d 619, 621-22; see State v. Melson, 161 La. 423, 108 So. 794, 795 (1926)("[I]t is the essence of forgery, or uttering, that the writing (made, altered or uttered) `purports to be the act of another person' than the one charged with the offense .... therefore one cannot be guilty of forgery or uttering, who makes or issues a writing as his own, even if in so doing he uses a fictitious name and his intent be to defraud."); State v. Harrison, 505 So.2d 783, 792 (La.App. 2nd Cir.1987)("The mere use of a false or fictitious name may constitute false pretenses, but so long as the writing purports to be the act of the person issuing it and of no other, there is no forgery.") (citations omitted).
However, the court of appeal erred in further concluding that the evidence was therefore insufficient to support the defendant's conviction for forgery because the trial court had previously set aside the jury's verdict on the issuing count. The court of appeal should have considered whether the evidence at trial supported the jury's verdict on the issuing count and therefore supported, as a matter of due process, the defendant's single conviction for forgery and single sentence of 10 years imprisonment at hard labor. See State ex rel. Nicholas v. State, 520 So.2d 377, 382 (La.1988)(When the lower court has inadvertently set aside the wrong count in a dual prosecution for the forgery of a single instrument to implement Smith, an appellate court may nevertheless consider the evidence on that count "in order to sustain the judgment of forgery conviction against total defeat under Jackson v. Virginia [].").
This case is therefore remanded to the court of appeal for purposes of determining whether the evidence supported the jury's verdict on the issuing count and therefore supports the judgment of the trial court that the defendant has been properly convicted of a single offense of forgery.
JOHNSON, J., would deny the writ.