In re Lawrence J. Matthews; Applying for Rehearing of this Court’s action dated September 19, 2003; from Parish of Or *22 leans, Criminal District Court, Div. J, Nos. 416-7214; to the Court of Appeal, Fourth Circuit, No.2001 KA 868.
PER CURIAM.
Rehearing granted. Our order in State v. Matthews, 02-1121 (La.9/19/03), 855 So.2d 740, is recalled as improvidently granted. The state’s application is denied as untimely, and the decision rendered by the court of appeal in State v. Matthews, 01-0868 (La.App. 4th Cir.3/20/02), 814 So.2d 619, is reinstated.[1]
TRAYLOR and KNOLL, JJ., dissent.

. Pursuant to our order of September 19, 2003, the court of appeal rendered a second decision in the present case on October 23, 2003. However, respondent timely applied for rehearing, which the court of appeal denied on December 10, 2003, the same day on which this Court issued a stay of all further proceedings in the district court and the court of appeal pending action on respondent's application for reconsideration. See La.S.Ct. Rule 10, § 7(b)("At the time the writ is granted, the court may order peremptory relief. A party affected may apply for rehearing within the delay provided by Rule IX and the court may, with or without application, stay the relief granted to permit consideration of any such application.”). In view of the stay issued by this Court, the court of appeal's rehearing denial of December 10, 2003, did not have the effect of rendering that decision final. Cf. La.C.Cr.P. art. 922(C)("If an application for rehearing has been made timely, a judgment of the appellate court becomes final when the application is denied.”). Reinstatement of the decision issued by the court of appeal on March 20, 2002, renders that judgment, reversing respondent’s conviction and sentence, the final and binding disposition of the case.